———o———

## No. 4241.

### (Court of Appeal, Parish of Orleans.)

### SIMON SEGARI vs. AETNA INDEMNITY CO.

#### On Motion to Dismiss.

1. The right to appeal is as much affected by a partial execution of the judgment as it would be by a final and complete execution of the decree in all its parts.

2. The difference between acquiesence *before* and acquiesence *after* appeal, is, that in the one case the right to appeal is prohibited; in the other the appeal itself is destroyed.
3. In the former case the prohibition is expressed by statute in the later case the destruction is the operation of what jurisprudence has dominated the "abandonment" of the appeal by acquiesence in the judgment.

Appeal from Civil District Court, Division "D."

Chas. Rosen & B. R. Forman, for Plaintiff and Appellee.

Saunders & Gurley, Attorneys for Defendant.

John May & F. S. Weis, for Defendant and Appellant.

MOORE, J. The motion to dismiss the appeal is based on the ground that the appellant has acquiesced in and partially executed the judgment.

It appears that plaintiff, as owner and one Mazzie, as builder, entered into a building contract in which the defendant and appellant intervened and bound itself as surety for the builder; that the builder failed in his contract with the result that plaintiff, over and above the contract price was compelled to pay the following privileged claims for materials used and employed in the building to-wit:

| | |
|---|---:|
| J. V. Roca ................................ | $923.12 |
| Baldwin Co., Ltd. .......................... | 115.00 |
| Durand Bros. ............................. | 90.13 |
| Making a total of ........................... | $1128.25 |

Thereupon the present suit was brought against the surety on its bond, to recover this sum.

To so much of the amount sued for as had for its basis the account of Roca for $923.12, the defendant interposed the plea of *res-adjudicata*.

This plea was referred to the merits and thereafter, but with special reservation to its right thereunder, an answer was filed which, in effect, simply tenders the general issue.

After hearing on the merits the Court *a quo* overruled the plea of *res-adjudicata* and awarded judgment in favor of the plaintiff for the sum sued for, ($1128.25), with legal interest

377

on the several amounts aggregating this sum, from the date of their respective payments by plaintiff.

Thereafter the defendant took its suspensive appeal from said judgment, but, after perfecting the same by giving the statutory bond and lodging the record of appeal here, it voluntarily paid to the plaintiff $225.08 "in part payment and discharge" of the judgment so as to cover and discharge so much thereof as comprehended the Baldwin account of $115.00 and the account of Durand Bros. for $90.15 plus the interest due on both, but with no reservation that the payment was to be without prejudice to its appeal.

It is this payment which is now assigned by the appellee as evidencing an acquiesence in and partial execution of the judgment by the appellant and which, it is claimed, warrants dismissal of the appeal.

The motion is resisted on two grounds:

*First* because the inhibition against the right of appeal apply only to the voluntary execution *in toto* of the judgment and not, as here, to its partial execution; and, Second, because the acquiesence in order to defeat the right of appeal must occur *prior* to and not *after* the appeal has been taken and perfected.

I.

Art. 567 Code of Practice is emphatic in its expression that:

"The party against whom judgment has been rendered cannot appeal:

1. If such judgment has been confessed by him, or if he has acquiesced in the same by executing it voluntarily......"

and jurisprudence has affirmed it that the inhibition applies as well to the partial as to the full execution of the judgment.

"It cannot be controverted," said the Court in Succession of Egan 18 A. 59-62, "that, under the laws and jurisprudence of this State the party who voluntarily executes, either partial or *in toto* a judgment rendered for or against him, or who voluntarily acquiesces in or ratifies, either partially or *in toto,* the eexcution of that judgment is not permitted to appeal from it.   C. P. 567; Williams vs. Duir 14 La. 523; State vs. Judge, etc., 4 R. 85; Campbell vs. Williams 3 A. 115; Hubart vs. Golden 7 A. 233; Lander vs. Connelly 4 R. 127."

This excerpt is quoted and approved in Succession of Bougere 28 A. 743-744, and in Cobb vs. Parham 4 A. 148, in which there had been a partial execution of an award rendered by amicable compounders and from which award an appeal had been taken, the Court said:

"It is equally inadmissable to say that, the plaintiffs could thus partially execute the award and repudiate those portions of it which were not directly comprehended in the execution. "L' execution partielle demontre, comme l' execution totale, la volonte de comfirmer l'ectra vicieux; c'est une approbation tacite." Duranton Vol. 13, p. 280. See also Kennard vs. Harris, 2 B. an dC. 801. The award was entire, and the plaintiff having acepted its benefit must take the burdens."

And in Stinston vs. O'Neal 32 A. 947 and 949 the Court said: "The right to appeal is as much affected by a partial execution of the judgment as it would by a full and complete execution of the decree in all its parts."

## II.

As no apepal will lie from a judgment acquiesced in notwithstanding the fact that the rgiht of appeal existed in the incipiency, but was lost by the acquiescence, so no appeal may be further prosecuted when it appears that since the appeal was taken the judgment had been voluntarily executed, either partially or in *toto*.

To state the proposition in a phrase it may be said that the difference between acquiescence *before* and acquiescence *after* the appeal, is, that in the one case the *right* of appeal is prohibited; in the other the appeal itself is destroyed.

In the former case the prohibition is expressed by State C. P. 567; in the latter case the destruction is the operation of what jurisprudence has denominated, the *"abandonment"* of the appeal by acquiescence in the judgment.

In Campbell vs. Orillion 3 A. 115 a somewhat similar question arose and i nthe course of the discussion of the case the Court said: ·

"The voluntary excution of a judgment is such an acquiescence in it as precludes the party who thus affirms it from subsequently contesting its correctness. *For the same raason the voluntary execution of a judgment after having an*

379

*appeal will be deemed an abandonment of the appeal."*

And so in Descil vs. Martel 10 A. 643; Suc. Bougere 28 A. 743 and Stinson vs. O'Neal 32 A. 947, where the acquiescence was after the appeals had been taken and perfected, the Court held the appeals to have been "abandoned" and that as a consequence the respective appellants were debarred from further prosecuting them.

In the instant case the facts averred as constituting the acqiuescence are admitted and as they, in our opinon, clearly show an acquiescence in and a voluntary partial execution of the judgment, the motion of appellee must prevail and accordingly the appeal is dismissed.

June 17, 1907.

Rehearing refused June 28, 1907.

Writ denied by Supreme Court Aug. 12, 1907.